IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ELISSA O'BRIEN, individually and on
behalf of all others similarly situated

        Plaintiffs,

v.                                                     No.: _____

CHRISTIAN FAITH PUBLISHING        JURY DEMANDED
                                                     FLSA COLLECTIVE ACTION
        Defendant

## COLLECTIVE ACTION COMPLAINT

PLAINTIFF, Elissa O'Brien, brings this action against the Defendant on behalf of herself and all others similarly situated.

### I.    JURISDICTION & VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Plaintiff received payment of wages from Defendant in this judicial district.

4. Defendant is subject to personal jurisdiction in this judicial district.

5. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

### II.    PARTIES

6. Plaintiff Elissa O'Brien is an adult resident of the State of Tennessee. Plaintiff is a former

employee of Defendant.

7. Plaintiff worked for Defendant from approximately February 2017, until approximately December 11, 2017. During this time, Plaintiff was a covered employee under the FLSA.

8. Plaintiff worked for Defendant remotely out of her home, using her telephone and computer.

9. Defendant Christian Faith Publishing., is a Delaware corporation with its principal place of business located at 296 Chestnut Street, Meadville, Pennsylvania, 16335. Defendant is an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d). Defendant may be served with process through its registered agent, Corporations USA, LLC, 341 Raven Circle, Wyoming, Delaware, 19934.

10. Defendant does business in Tennessee and employs or employed Plaintiff and other similarly situated individuals within the State of Tennessee.

11. In addition to the named Plaintiff, Defendant employs and has employed within the last three (3) years additional similarly situated employees.

12. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendant are and were centrally and collectively dictated, controlled, and ratified.

### III.    INTRODUCTION

13. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), brought on behalf of all persons who worked remotely from their homes, selling publishing services, for Defendants, at any time during the past three years and up until the date of entry of judgment, and were misclassified as independent contractors and denied proper overtime compensation for hours worked in excess of 40 hours per week.

14. The collective action claims are for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

### IV. FACTUAL BASIS FOR SUIT

15. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. §216(b), is attached to the Complaint.

16. This action is filed on behalf of all individuals who worked for Defendant from their own homes, and whose job duties included selling publishing services for Defendant, and who were classified by Defendant as "independent contractors" at any time within the past three years from the date of the filing of this action.

17. Plaintiff and those similarly situated work as "literary agents" for Defendant whose job duties are to call a list of potential customers of Defendant and persuade them to purchase publishing from Defendant. Plaintiff and others similarly situated job duties consist of reviewing a list of calls provided by Defendant, calling potential customers, discussing the author's book, persuading potential customers to submit their writing for "review," informing potential customers whether their writing has been accepted or rejected by Defendant for publishing, and finally, selling publishing services to accepted customers.

18. Plaintiff and other similarly situated workers are classified by Defendant as "independent contractors." However, Defendant maintains operational control over virtually all aspects of the workers' jobs.

19. Specifically, Defendant maintains the right to, *inter alia,* negotiate and set the price for the publishing services, and accept or reject the work of potential customers.

3

20. Defendant maintains control over how literary agents perform their work, including, *inter alia,* how often they contact potential customers, what they are permitted to say to potential customers, and what platforms they are permitted to use to communicate with potential customers.

21. Because they were misclassified as non-employees, the named Plaintiff and other similarly situated distributors were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

22. Defendant's workers are compensated a flat rate for each sale they make. Such flat rate is entirely unrelated to what the customer pays Defendant and is not a "commission" under 29 U.S.C. § 207(i).

23. Moreover, Defendant does not qualify as a "retail or service establishment" under 29 U.S.C. § 207(i).

24. Defendant regularly and repeatedly suffered and permitted Plaintiff and similarly situated workers to work more than 40 hours per week without overtime compensation.

25. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff and similarly situated employees suffered lost wages.

26. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff us unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

27. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and those similarly situated, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

28. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

29. Defendant's intentional failure to pay Plaintiff and others similarly situated all of their wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

30. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former individuals who worked for Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint. Plaintiff is representative of those other current and former distributors and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the

FLSA.

## V.  CAUSES OF ACTION

31. The allegations set forth in the preceding paragraphs are incorporated herein.

32. Plaintiff, on behalf of herself and others similarly situated, bring the following cause of action against Defendant: Willful violation of the Fair Labor Standards Act of 1938.

33. Plaintiff demands a jury.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA, and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting in to the collective action;

C. A Declaration that Defendant has willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT McWHERTER
SCOTT BOBBITT PLC

s/*Emily S. Alcorn*
EMILY S. ALCORN #33281
341 Cool Springs Blvd, Suite 230
Franklin, Tennessee 37067
Telephone: (615) 354-1144
Email: ealcorn@gilbertfirm.com

*Attorney for Plaintiff*